Richard Morin (SBN 285275)
Bryce Fick (SBN 322951)
Law Office of Rick Morin, PC
555 Capitol Mall Suite 750
Sacramento, CA 95814-4508
Phone: (916) 333-2222
Email: legal@rickmorin.net

Attorneys for Plaintiff Felicia Vasquez

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| Felicia Vasquez, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| Guerrera Family LLC, | **Jury Trial Demanded** |
| Defendant. | |

Felicia Vasquez ("Plaintiff") alleges the following:

## INTRODUCTION

1. Plaintiff brings this action against Guerrera Family LLC ("Defendant"), for unlawfully discriminating against Plaintiff because of her disability at the commonly known address 8489-8491 Folsom Boulevard in Sacramento, California.

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California statutes

## PARTIES

3. Plaintiff Felicia Vasquez is a natural person and an adult resident of Sacramento County, California. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant is a California limited liability company with its principal office in Sacramento County, California.

5. At all times relevant to this complaint, Defendant has been doing business in California. At all times relevant to this complaint, Defendant owned, and currently owns, the real property commonly known as 8489-8491 Folsom Boulevard in Sacramento, California ("Property") at which a State Farm agent has an office ("State Farm Agent") and the restaurant Roma II Pizzeria operates ("Pizzeria"). The State Farm Agent and the Pizzeria will collectively be referred to as the "Businesses".

## JURISDICTION

6. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

7. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

8. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property is in this district and that Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities. Specifically, Plaintiff suffers from paralysis. Plaintiff requires a wheelchair to facilitate her mobility. Plaintiff's symptoms limit, some substantially, her major life activities. Plaintiff has, and at all relevant times, displayed a disabled person parking placard issued by the California Department of Motor Vehicles.

10. In February 2022, Plaintiff arrived at the Property to visit the State Farm Agent located at Defendant's Property.

11. Plaintiff went to the Property because Plaintiff wanted a car insurance quote, possibly bundled with renters' insurance, from the State Farm agent who has the Business at the Property.

12. The State Farm Agent's office and the Property are open to the public, intended for non-residential use, and its operation affects commerce.

13. The State Farm Agent's office and the Property are a public accommodation and business establishment.

14. The Property has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

15. Plaintiff encountered a parking area that was in terrible condition at the Property.

16. The parking area caused her difficulty and discomfort.

17. The parking area was missing the necessary disabled-persons signage, the painted striping was faded and difficult to see, and the apparent disabled parking spaces were not entirely flat.

18. Plaintiff is informed and believes that the disabled parking space across from the building has slopes greater than 2%.

19. Plaintiff is informed and believes that the disabled parking space facing the building has slopes greater than 2%.

20. Plaintiff is informed and believes that the entry door to the State Farm Agent's office does not have a 10" high smooth bottom surface.

21. Plaintiff is informed and believes that the entry door to the State Farm Agent's office has a 1-inch high threshold, or an approximately 1-inch high threshold.

22. The barriers in the parking area, identified above, interfered with Plaintiff's access to the facilities and goods at the Property, causing her difficulty, discomfort, and embarrassment.

23. Despite these barriers at the Property, Plaintiff still attempted to access the Property to visit the Pizzeria for food in March 2022.

24. Plaintiff enjoys the food from the Pizzeria, having had it many times before, and decided to visit the location to get food from the Pizzeria in person.

25. At the Property, Plaintiff once again encountered the barriers in the parking lot that she had encountered in February 2022.

26. In addition, inside the Pizzeria, Plaintiff encountered additional barriers to her access.

27. Plaintiff observed a lip when entering through the door of the Pizzeria and the counter seemed too high.

28. Indeed, Plaintiff is informed and believes that the sales counter is over 36 inches high, the entry door has too high of a threshold, the entry does not have a large and smooth enough surface, the bar counter does not have a lowered area for wheelchair seating, the Pizzeria has less than the

required number of accessible tables, the bathroom does not have the designated signage, the drain pipe in the bathroom is uninsulated, the paper towel dispenser is mounted too high, the toilet stall door does not have a self-closing device, the diaper changing table is inside the accessible toilet stall, the toilet tissue dispenser is too far from the toilet, among other violations of the ADA.

29. While Plaintiff was able to obtain food from the Pizzeria, her access to the goods and services at the Property were interfered with, causing her difficulty, discomfort, and embarrassment.

30. Plaintiff is now deterred from visiting the Property again because it is inconvenient and difficult for Plaintiff to access the businesses at the Property safely and without worry because of her disability.

31. As a result, Plaintiff has suffered and continues to suffer violations of her civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation.

32. Plaintiff's home is within 11 miles from the Property. Plaintiff plans to return to the Property when Defendant removes the accessibility barriers at the Property. Specifically, Plaintiff enjoys the food at the Pizzeria and has been there multiple times in the past, and would like to return once the barriers are removed. Moreover, Plaintiff is still looking for a more affordable insurance bundle and would like to receive a quote from a knowledgeable State Farm Agent.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

Against all Defendants

33. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

34. Defendant has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of Defendant's Property and the Businesses.

### Failure to Remove Architectural Barriers at an Existing Property

35. Defendant has failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the

4
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

architectural barriers does not exceed the benefits under these particular circumstances.

36. For those barriers where it is not reasonably achievable to remove them, if any, Defendant has failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

<u>Failure to Design and Construct an Accessible Property</u>

37. The improvements on the Property and where the Businesses are located were designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

38. Defendant violated the ADA by failing to design and construct the facilities on Property and at the Businesses in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

<u>Failure to Make an Altered Facility Accessible</u>

39. Plaintiff believes and alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

40. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

41. Defendant altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

<u>Failure to Modify Existing Policies and Procedures</u>

42. The ADA requires reasonable modifications to polices, practices, or procedures when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modification would fundamentally alter their nature.

43. Defendant violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Property, when these modifications were necessary to afford, and would not fundamentally alter the nature, of the goods, services, facilities, or accommodations.

<u>Failure to Maintain Accessible Features</u>

44. Defendant violated the ADA by failing to maintain in operable and working condition

those features of the Property that are required to be readily accessible to and be usable by persons with disabilities.

45. Defendant's failure in maintaining the Property in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

46. The configuration and condition of Defendant's Property denied Plaintiff a public accommodation due to Plaintiff's disability.

47. It is readily achievable for Defendant to remove the architectural barriers identified above.

48. Defendant does not have any legitimate business justification to excuse the condition and configuration of the Property.

49. Defendant's violations are the cause of suffering for Plaintiff.

50. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

Against all Defendants

51. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

52. As described above, Defendant intentionally discriminated against Plaintiff during her visit to the Property.

53. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

54. Defendant' acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff her rights to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every

kind whatsoever."

55. Plaintiff was harmed.

56. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

57. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

58. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

59. Although the plaintiff encountered frustration and difficulty by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this modest physical personal injury greater than the amount of the statutory damages.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease their discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54 and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: April 25, 2022

Law Office of Rick Morin, PC

_____
Richard Morin
Bryce Fick
Attorneys for Plaintiff